**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNIE LEIBOVITZ,<br><br>                          Plaintiff,<br><br>      - against -<br><br><br>UNIVISION   COMMUNICATIONS,   INC.;<br>and DOES 1-10,<br><br><br>                          Defendants. | Case No. 19-CV-9093<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>(1) COPYRIGHT INFRINGEMENT;<br>(2) VICARIOUS AND/OR<br>CONTRIBUTORY COPYRIGHT<br>INFRINGEMENT; AND<br>(3) VIOLATIONS OF THE DIGITAL<br>MILLENIUM COPYRIGHT ACT (17<br>U.S.C. §1202)<br><br>JURY TRIAL DEMANDED |

        Plaintiff, Annie Leibovitz, by and through her undersigned attorneys, hereby prays for

relief based on the following:

## JURISDICTION AND VENUE

    1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

    2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and

(b).

    3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that

Defendant Univision Communications, Inc.'s principal place of business is in this district and

this is the judicial district in which a substantial part of the acts and omissions giving rise to the

claims occurred.

## PARTIES

4.   Plaintiff Annie Leibovitz ("Plaintiff") is a renowned portrait photographer, who resides in and is doing business within the state of New York.  Ms. Leibovitz is one of the most accomplished portrait photographers in American history, and she was the first woman to have an exhibition at the National Portrait Gallery.  Her photographs have been featured on the covers of *Rolling Stone* and *Vanity Fair*, among other publications, and her works have been featured in advertising campaigns for many iconic American companies.

5.   Plaintiff is informed and believes and thereon alleges that Defendant Univision Communications, Inc. is a media communications network registered to do business and operating under the laws of the state of New York and doing business in the state of New York, principally in New York County.

6.   Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full

knowledge of all the facts and circumstances, including, but not limited to, full knowledge of
each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused
thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

8.   Plaintiff is a renowned professional artist who earns her livelihood through the sale
and licensing of her photographs and photography services.

9.   Plaintiff created eight photographs in a series titled "Vanity Fair, July 2015" in 2015.
These photographs (the "Subject Photographs") are the subject of this dispute.  The 2015 Vanity
Fair Photographs depict Caitlyn Jenner in her first magazine photo spread after coming out as a
transgender woman.

10. The title of the first photograph is TRU2201995.jpg. The photograph is an original
work developed, composed, and created by Plaintiff. Plaintiff is the owner of the photograph,
which was registered with the United States Copyright Office before the infringement at issue. A
true and correct copy of the photograph is reproduced below:



11. The title of the second photograph in issue is TRU2201996.jpg. The photograph is an original work developed, composed, and created by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



12. The title of the third photograph is TRU2201997.jpg. The photograph is an original work developed, composed, and created by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



13. The title of the fourth photograph in issue is TRU2201998.jpg. The photograph is an original work developed, composed, and created by Plaintiff. Plaintiff is the owner of the

photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



14. The title of the fifth photograph in issue is TRU2201999.jpg. The photograph is an original work developed, composed, and created by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



15. The title of the sixth photograph in issue is TRU2202000.jpg. The photograph is an original work developed, composed, and created by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



16. The title of the seventh photograph in issue is TRU2202001.jpg. The photograph is an original work developed, composed, and created by Plaintiff. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



17. Plaintiff is informed and believes and thereon alleges that Defendant owns and operates an online publication, which it hosts and publishes at www.univision.com and at other URLS and on various social media platforms. Univision regularly posts and publishes videos and photography as part of its online publication.

18. Plaintiff's investigation revealed that Defendant was displaying Plaintiff's Subject Photographs ("Infringing Photographs") on its website, www.univision.com, without Plaintiff's consent. Defendant does not have and never had Plaintiff's consent to publish, display, or otherwise exploit any of the Subject Photographs. A true and correct screenshot of Defendants' infringing use of the Subject Photographs on the www.univision.com website is reproduced on the pages below:

19. "Infringing Photograph 1":



20. "Infringing Photograph 2":



21. "Infringing Photograph 3":



22. "Infringing Photograph 4":



23. "Infringing Photograph 5":



24. "Infringing Photograph 6"



25. "Infringing Photograph 7"



26. "Infringing Photograph 8" which features multiple Subject Photographs:



27. On or about August 8th, 2019, Plaintiff, through her attorneys sent a letter, via certified mail, demanding that Defendant cease its exploitation of the Subject Photographs. The parties to date have been unable to resolve this dispute.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement)

28.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on the internet and other publications.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photographs on www.univision.com and certain social media platforms.

31. Plaintiff is informed and believes and thereon alleges that the Infringing Photographs used by Defendants and shown above, uses the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Plaintiff's Subject Photographs and are identical or at least substantially similar to Plaintiff's Subject Photographs.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying the Subject Photographs and publishing and displaying the Infringing Photographs to the public, including without limitation, on www.univision.com and social media platforms without Plaintiff's authorization or consent.

33. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photographs in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

36. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

39. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial

damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

40. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photographs, in an amount to be established at trial.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF
(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)

42. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, in the form of metadata, on the copy of at least one Subject Photograph, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the

copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

44. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

    a.   That Defendants, as well as her employees, agents, or anyone acting in concert with her, be enjoined from infringing Plaintiff's copyright in the Subject Photographs, including, without limitation, an order requiring Defendant to remove the Infringing Photographs from any print, web, or other publication owned, operated or controlled by any Defendant.

    b.   That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendant, through her infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c.   That a constructive trust be entered over any revenues or other proceeds realized

by Defendant, through her infringement of Plaintiff's intellectual property rights;

d.   That Plaintiff be awarded her attorneys' fees as available under the Copyright Act

U.S.C. § 505;

e.   That Plaintiff be awarded her costs and fees under the statutes set forth above;

f.   That Plaintiff be awarded statutory damages and/or penalties under the statues set

forth above;

g.   That Plaintiff be awarded pre-judgment interest as allowed by law;

h.   That Plaintiff be awarded the costs of this action; and

i.   That Plaintiff be awarded such further legal and equitable relief as the Court

deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

7th Amendment to the United States Constitution.


Dated: October 1, 2019                     Respectfully submitted,

                              By:     */s/ Michael D. Steger*
                                      Michael D. Steger (MS2009)
                                      michael@donigerlawfirm.com
                                      Scott Alan Burroughs (SB5647)
                                      scott@donigerlawfirm.com
                                      DONIGER / BURROUGHS
                                      231 Norman Avenue, Suite 413
                                      Brooklyn, New York 11222
                                      (310) 590-1820
                                      Attorneys for Plaintiff